ACCEPTED
12-14-00007-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
4/8/2015 3:01:25 PM
CATHY LUSK
CLERK

# No. 12-14-00007-CV

## In the Court of Appeals
## for the
## Twelfth District of Texas
## Tyler, Texas

RECEIVED IN
12th COURT OF APPEALS
TYLER, TEXAS
4/8/2015 3:01:25 PM
CATHY S. LUSK
Clerk

**REX SMITH**

*Appellant*

v.

**KELLY DAVIS AND AMBER DAVIS**

*Appellees*

FILED
4/8/2015
Twelfth Court of Appeals
Cathy Lusk
Clerk

*Appealed from the 294th Judicial District Court*
*Van Zandt County, Texas*

## REPLY SUPPORTING REX SMITH'S ANSWERS
## TO THE COURT'S QUESTIONS

Jeffrey C. Irion
Texas Bar No. 10413500
240 S. Old Gun Barrel Lane
P. O. Box 5027
Gun Barrel City, Texas 75147
Telephone: 903-887-4050
Facsimile: 866-422-8403
jirionattorney@aol.com

Greg Smith
Texas Bar No. 18600600
RAMEY & FLOCK, P.C.
100 E. Ferguson, Suite 500
Tyler, Texas 75702
Telephone: 903-597-3301
Facsimile: 903-597-2413

ATTORNEYS FOR APPELLANT

## TO THE HONORABLE COURT OF APPEALS:

The Court has posed two questions about issues raised in the Davises' rehearing motion. Smith has provided answers to both questions, including the Court's question about the correct rescission amount. In reply, the Davises argue that Smith somehow waived the right to a properly computed rescission amount. We respond briefly, solely to address the waiver claim.

Smith's "original motion for rehearing," on which the Davises base their cry of waiver, raised a 100% successful attack *upon a different theory of liability and an altogether different recovery*, composed of statutory penalties. In subsequently awarding rescission, this Court was authorized to render judgment for the correct rescission amount. The Court still retains that authority. There has been no waiver.

What is more, despite the Davises' protests, the rescission **amount** has nothing to do with whose testimony the jury believed. The statute under which the Davises have recovered—titled "Oral Agreements Prohibited"—says Smith's obligations are not to be decided by how the parties spin their agreement in testimony at trial but must instead be "determined solely from the written contract." TEX. PROP. CODE ANN. §5.072. This means the contract's written terms win out in any conflict with Kelley Davis's testimony. Here, the Davises hold out PX-3 as their contract and the source of their statutory claim. This contract, PX-3, clearly states an agreement to (1) credit the Davises with a $3700 down payment and (2) satisfy the balance of the purchase price through prospective monthly payments. *See* attached. PX-3 thus fully supports our statements about the amounts owed and proves that an award comprising the $3700 and the post-PX-3 monthly payments fully restores everything the Davises paid in the rescinded deal. Per Section 5.072, the written contract leaves no room for testimony suggesting any other result.

### Certificate of Conference

Counsel for the Davises states that this motion is opposed.

1

## Conclusion and Prayer

There has been no waiver. And the rescission award should refund the $3700 as well as the $15,870 in payments made under PX-3, but nothing else. The Davises' rehearing motion should be denied and the rescission award modified accordingly.

Respectfully submitted,

Jeffrey C. Irion
Texas Bar No. 10413500
240 S. Old Gun Barrel Lane
P. O. Box 5027
Gun Barrel City, Texas 75147
Telephone: 903-887-4050
Facsimile: 866-422-8403
jirionattorney@aol.com

___/s/ Greg Smith_____
Greg Smith
State Bar No. 18600600
RAMEY & FLOCK, P.C.
100 East Ferguson, Suite 500
Tyler, TX 75702
Telephone: (903) 597-3301
Facsimile: (903) 597-2413
gsmith@rameyflock.com

COUNSEL FOR APPELLANT,
REX SMITH

## Certificate of Service

The undersigned certifies that a copy of the above and foregoing document was served upon counsel for Appellees in accordance with the applicable Texas Rules of Civil Procedure on this the 8th day of April, 2015, on the following:

**Via email**
S. Gary Werley, Attorney
1840 Acton Highway
Granbury, Texas 76049
sgwerley@werleylaw.com

___/s/ Greg Smith_____
Greg Smith

**P.O. Box 536**
**Eustace, TX 75124**
**Phone No. 903/425-7101**

DATE: 3-22-05

For and in consideration of the provisions hereof and of the down payment, as shown below by

NAME: Kelly G. & Amber M. Davis

ADDRESS: 815 Natus St. Cedar Hill, TX 75014

COUNTY Dallas                    TELEPHONE: _____

(which address, or other address furnished Seller by Purchaser in writing, shall be Purchaser's correct mailing address for all purposes), herein called Purchaser, to Rex Smith , herein called Seller, Seller hereby reserves and agrees to sell to Purchaser the following described land:
Tract No.(s)_____ in Tall Oaks Estates Subdivision, Van Zandt County, Texas, as shown by the most recently heretofore recorded plat covering such Tract(s) recorded in the map or plat records of Van Zandt County, Texas.

The sales price, down payment, finance charge and total of payments are as set forth below, and purchaser agrees to make payments in the manner and amount shown to Seller, its successors and assigns, at the following address or at such place as Seller may designate in writing, delivered or mailed to Purchaser: P.O. Box 536, Eustace, TX 75124.

Purchaser has the right at any time to pay in advance all or any part of the unpaid balance hereunder and obtain a partial refund of the finance charge. The refund shall be the greater of a refund based on the "Sum of Digits" formula, or a refund such that the finance charge retained does not exceed the maximum allowed to be charged under any applicable state and/or federal laws.

Interest shall be charged on past due installments at Eighteen per cent (18%).

SECURITY INTEREST- Seller retains title to or lien on the land until all payments hereunder have been paid in full, and NO PART OF THE LAND WILL BE CLEARED OF SUCH SECURITY INTEREST PRIOR TO COMPLETION OF ALL PAYMENTS HEREUNDER.

Purchaser agrees to promptly reimburse Seller for ad valorem taxes for the current year on a pro-rata basis. Purchaser will be solely responsible for ad valorem taxes based on assessments after the date of this agreement. In the event Purchaser shall not make timely payment of taxes, Seller shall have the option (but no responsibility hereunder) to pay such taxes and be reimbursed within 15 days by Purchaser.

| | |
|---|---|
| Cash Price | $ 65,100. |
| Down payment | 3700. |
| Unpaid balance of cash Price and amount financed | 61,400. |
| Finance Charge | 140,797.60 |
| Total of payments | $ 202,197.60 |
| Annual percentage rate: | 10.5 |
| Deferred payment price | $ 205,897.60 |

Total of payments is as follows:
Consecutive monthly payments until paid in full at        $ 561.66/—

for 360 months, first payment due

on 4-22-05

Upon the completion of said payments in full and payment by Purchaser of said property taxes, Seller will deliver, or cause to be delivered, to Purchaser, a General Warranty Deed to said property, free and clear of all liens except those owned by Purchaser. No oil, gas and/or other minerals or royalties therein shall be conveyed in said deed, and said conveyance shall be subject to mineral leases and outstanding interests of third parties in various minerals and substances, now and hereafter or record. Said property shall further be conveyed, and this agreement is subject to the restrictions on record in the office of the County Clerk of the county in which said land is located. STANDARD TITLE POLICY WILL BE FURNISHED, AT PURCHASER'S REQUEST AND EXPENSE. Purchaser is advised to either have the abstract covering the real estate which is the subject of this contract examined by and attorney of Purchaser's own selection, or be furnished with or obtain policy of title insurance, Seller's General Warranty Deed, and said standard title policy, shall also contain such exceptions and conditions are customarily inserted by reputable title policies in respect to lands in Texas. In the event of

EXHIBIT
3

prior sale of the above property, this agreement shall be null and void without further liability of Seller upon the refund to Purchaser of all payments made hereunder. Purchaser shall not have the right to cut any timber on the above described land without the prior written consent of Seller until the purchase price is paid in full.

Seller does not propose to install any water or sewer systems, or construct or maintain any roadways or driveways in any access area or strip of any lot. Accordingly, any extensions of water or sewer lines to the land or construction of any driveways or any access strip included in the above land, shall be responsibility of Purchaser.

Time is of the essence in the payment of monthly installments and all payments for herein and in the event of default in making any of the payments provided for herein, and such default continues for thirty (30) days, the agreement may, at the option of the Seller, its successors or assigns, (a) be cancelled after notice is mailed to Purchaser by Certified Mail, and this contract will be at an end and all rights of Purchaser hereunder will be forfeited and the money deposited herewith, as well as all payments made hereunder, may be retained by Seller, its successors or assigns, because of such default as liquidated damages and/or rent for the use and detention of the property, (b) this agreement shall mature and all amounts provided to be paid hereunder shall at once become due and payable, or © Seller may enforce any other legal or equitable right or remedy it may have on account of such default. Failure to exercise any option shall not constitute a waiver of the right to exercise same in the event default shall continue or again occur. No statements nor representations shall in anywise modify or affect this agreement unless same are in writing and signed by all of the parties hereto.


_____                    _____
Rex Smith, Seller                                                  Purchaser